IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Case No. 1:CV00-0775

DALE ARNOLD
    petitioner

V

FREDERICK FRANK
    respondent
The District Attorney of Bradford County
The Attorney General of Pennsylvania
Filed by; Dale Arnold AK-5044

RECEIVED SCRANTON APR 20 2000

FILED SCRANTON APR 28 2000

## PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. 2254 BY PERSON IN STATE CUSTODY

1. (A) The name and location of the court which entered judgment of conviction under attack in the court of Common Pleas of Bradford County, Towanda, Penna. 18848

   (B) Name of prosecutor; L.Frawly., Bradford County DA.'s Office

2. (A) Judgment of conviction was entered against Petitioner on March 1981
   (B) The indictment/criminal docket number is 80-1026-A, 80-1026-B.

3. Petitioner was sentenced to an Life sentance.

4. Petitioner was sentenced by Evans Williams of Bradford County, Pa.

5. Petitioner was convicted of,
   - Murder..................Life
   - Aggravated assualt......
   - Terroristic Threats
   - Kidnapping .............10 to 20 yrs.
   - Robbery.................1 to 2 yrs.
   - Theft by unlawful taking.

6. Petitioner pled Not Guilty to all Charges.

7. Petitioner was found guilty after Trial by Jury.

8. Petitioner did testify at Trial.

9. Petitioner did Appeal from judgment of Conviction.

10. Petitioner appealed as follows, Direct Appeal
    (1) Name of Court; Superior Court of Pennsylvania
    (2) Docket No.......6-29-84 No. 01717 Phl. 82, Denied.
    (3) Results; case Denied.
    (4) Citation: unknown
  (B) Appealed to Pennsylvania Supreme Court
    (1) Name of Court: Supreme Court of Pennsylvania
    (2) Docket Number. 6-21-85 No.480 Ed. Allocator Docket 1984.Denie
    (3) Result. Allocator Denied
    (4) Citation. unknown

11. Petitioner then filed Petition under Pennsylvania Post Conviction Relief Act.

12. Post Conviction Appeal as Follows;
    (A)(1) Name of Court. Court of Common Pleas. Bradford County,Pa.
    (2) Nature of proccedding. Post Conviction Relief Act. *Filed Dec-19*
    (3) Petitioner did receive evidentiary hearing. *May 1994*
    (4) Result; Petition denied......Date June 26,1998.
    (B) Appeal from Post Conviction denial in Common Pleas Court.
    (1) Name of Court. Superior court of Pennsylvania
    (2) Docket No......1121 Harrisburg, 1998.
    (3) Result. Denied.. Date April 14,1999
    (C)(Appeal to Pennsylvainia Supreme Court.
    (1) Name of Court. Supreme Court of Pennsylvania.
    (2) Docket Number. 485 M.D. Allocatur Docker 1999.
    (3) Result. Denied.   Date August 23, 1999.

13. Grounds For Relief:

Ground One,
Did the Honorable Pretrial Hearing Court Err in Refusing to Dismiss the charges and Discharge the Appellant Due to a Violation of His Constitutional Right of Due Process Arising from the Delay Between the Crime and his Arrest?

Supporting Facts,
A Homicide happened on May 15,1979. Some 15 months later the Petitioner was arrested for this crime. Petitioner went with an Alibi Defense. His main witness had died and could not be called to Trial and testify. Then no Alibi Cautionary Special Instructions was given by the Trial Judge. Petitioner was arrested Aug.1980.

Ground Two,
Conviction obtained, The Honorable Trial Court Err in Permitting the Witness Lula Felicita to Testify over the Petitioner's objection as to Incompetency Resulting from her Common-Law Marriage to the Petitioner.
Inadmissable Admittance of Testimony by Petitioner's Wife.

Supporting Facts,
Petitioner and his Common-Law Wife were married since Sept. of 1978 many witness testified to this fact. Plus County Jail Guards and State Prison Guards knew that Lulu Felicita was the Petitioner's Wife, and she signed the Log Record Books as Wife. Petitioner lived with this woman as Man and Wife . Petitioner was arrested on this charge in Aug. of 1980.

Ground Three:
The Admissability of Inadmissability Testimony of a Witness Using Hypnosis as a Basic for Credibility and Reliability for an Incompetent Witness for the Prosecution to Gain a Conviction.

Supporting Fact;
Conviction obtained by the use of the District Attorney and Penna. State Police by Hypnostizing the Main Witness many many times over and over again, then this Witness testifys to what she said under Hypnosis. Which all breads fabrication and false testimony. Which the Penna. State Police testified that she changes her story at lease 7 different times, and each story was totally different.

3.

Ground Four,

Conviction obtained by Court Erring in Denying the Petitioner for Post Conviction Relief on the Basis that Trial Counsel was Ineffective in Failing to object to the Testimony of a Psychologis Which Bolstered the account given by the Victim.

Supporting Facts;
The Victim-Witness is a Mental Case, so the District Attorney used a Psychologist to make her testimony more relieable.
By this covering up all of her lies, fales statements and perjury.

Ground Five;

Conviction obtained by the Knowing use of False Testimony and the False Idenification of the Killers.
The Killers Idenification    False Statements.

Supporting Facts;
The District Attorney did knowing use False Testimony and Fabricated Testimony to convict the Petitioner, the Main Eye Witness made at least 7 different Statements to the Police, and she was Hypmosised to get more information out of her on the Killers she didn't see, and on a Kidnapper with Red Hair. The Penna. State Police threatened her so she got an Attorney and she got an Immunity Deal.

Ground Six;

Conviction was obtained by the District Attorneys Office by making Deals and Immunity Deals with Criminals for No Charges.

Supporting Facts,
Many People in the Petitioners case was given Deals wit no charges or Immunity Deals for the crimes these people have done. Which all leads to False Statements, Fabrications and out right lies inwhich some of these people were caught in.

Ground Seven;

Did the Honorable Pretrial Hearnig Court Err in Refusing to Suppress a .22 Caliber Rifle and a Cardboard Box which was Seized as a Result of a Conversation Intercepted while the Defendant was Incarcerated?

Supporting Facts;
Philip Shamoun, a Jail Guard and Police Agent was repeatly told over the years to listen in on Inmates Conservations with there visits and other inmates, and used listening devices in the Jail without court order, for the local Police and Pa.State Police. Petitioner is in Jail June 3,1979, Shamon calls Police with a story of a Gun. It was his day off with no pay.A police Agent. Then in Court he recants part of his stat

Ground Eight;
Did the Honorable Trial Court Err in Permitting Testimony by A
Commonwealth Witness as to an Alleged Conversation which Occurred
in Bradford County Prison inasmuch as such Testimony Informed
the Jury Prior Criminal Activity of the Defendant ?

Supporting Facts;
A Prison Guard, Shamoun testifys about a conversation he thought
he heard while he worked at the Prison. He brings out the fact
that the Petitioner is in Jail numerous times which refers to
the prior criminal record of the Petitioner, to the Trial Jury.
Three Prison Guards in full uniform are on the witness stand
about the Petitioner, which brings up prior criminal activity.
Petitioner is arrested a year later on these charges.


Ground Nine;
Did the Honorable Trial Court Err in Permitting a number of
Commomwealth Witness to testify as to there State of Mind ?

Supporthing Facts,
The District Attorney used this State of Mind to Inflame the
Passions of the Jury. In which no Fair trial could be possible.
To Inflame and Arouse the Minds of the Jury.
Which is Prejudicial and inadmissible in Nature.


Ground Ten;
Did the Honorable Trial Court Err in Admitting into Evidence
the Testimony of a Number of Commonwealth Witness offered to show
the Defendant's " Consciousness of Guilt " when there was No
Evidence to show that the Defendant Attempted to Flee or Conceal
his Identily ?


Supporting Facts,
The District Attorney repeatly used this Consciousness of Guilt
at the Petitioner at his Trial, even though there was No
evidence of any Guilt toward the Petitioner.

Ground Eleven;

Did the Honorable Pretrial Hearing Court Err in Refusing to Compel an Amendment or Redaction of the Information or in the Alternative Suppressing any Testimony Referring to Alleged Offenses of Rape when the Defendant was not Charged with such Crime Further, did the Honorable Trial Court Err in Refusing to Grant a Mistrial Due to Frequent References by the Prosecution as to such Alleged Incidents of Rape ?

Supporting Facts;
The District Attorney repeatly used the fact the Witness-Moran was Raped twice throught-out the trial against the Petitioner, although the Petitioner was never charged with Rape in this case. The Witness-Moran testified that she had Sex with 4 people in a 72 hour peroid, and the Sperm didnot match the Petitioner's Blood type. But the District Attorney repeatly used the term of Rape to the Jury, that she was repeatly Raped.
Which all tends to Arouse and Inflame the Passions against the Petitioner. Which is Prejudicial in Nature.

Ground Twelve;
Conviction obtained by the Jury Seeing the Petitioner in Hand Cuffs.

Supporting Facts;
The District Attorney knew that the Jury saw the Petitioner in Handcuffs, through-out the whole trial. The trial lasted almost four weeks, of which the Jury saw the Petitioner every day for at least 2 weeks of the trial. Also the Handcuffs and Leg Irons always layed close by the Petitioners feet at the trial.
Which denied the Petitioner a Fair and Imparshall Jury, that Prejudiced the Petitioner.

Ground Thirteen,

The Petitioners Attorney failed and the Courts failed to Protect the Petitioners Constitutional Rights, because none asked for, or gave Cautionary Instructions to the Jury.

Supporting Facts,
Throughout the whole trial very little Instructions was given, No Alibi Instructions, No Spouse Instructions, No Eye Witness Instructions, No Drugs, Alochol and Mental Illness Instructions, which Prejudiced the Petitioner, and violated his U.S.C.Rights.

14. These issues as presented to Pennsylvania Court appears in and as the Memorandum of Law accompanying this Petition.
15. Petitioner has no Petition or Appeal now pending in any Court.
16. The Names and address of each Attorney who represented Petitioner since his arrest are as follows;
    At Arrest, Trial and Appeal
        Marash Mills, Bradford County Court House, Towanda Pa. 18848.
        Lawrence Hracho, 727 Washington St, Reading, Pa. 19601.
    On Post Conviction and Appeal
        Sturart Golant, Bradford County Court House, Towanda, Pa. 18840
            then he quit, so Helen took over,
        Helen Haglick Stolinas, Bradford Cournt CourtHouse, Towanda Pa.
17. Petitioner was sentenced to,
    Life, Plus 10 to 20 running wild, plus 1-2 yrs. concurrently.
18. Petitioner has no future sentences to serve after completion of the sentence imposed by the Judgment under attack.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Dale Arnold

_April 14, 2000_
Date