**ORIGINAL**

(12)
6-30-00
SC

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CIVIL NO. 1:00-CV-0775
(Judge Kane)
(Magistrate Judge Smyser) ✓

DALE ARNOLD,
                Petitioner

VS.

FREDERICK FRANK,
BRADFORD COUNTY DISTRICT,
ATTORNEY GENERAL OF THE
COMMONWEALTH OF PENNSYLVANIA,

                Respondents

FILED
HARRISBURG, PA

JUN 29 2000

MARY E. D'ANDREA, CLERK
Per _____
    Deputy Clerk

RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS AND APPENDICES

Stephen G. Downs, Esq.
District Attorney's Office
Bradford County Courthouse
301 Main Street
Towanda, PA 18848
(570) 265-1712
Attorney ID#25541

## RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS

Stephen G. Downs, District Attorney for Bradford County, Commonwealth of Pennsylvania, on behalf of respondents, respectfully requests that the Petition for Writ of Habeas Corpus be denied without a hearing, and in support therof, states as follows:

1. A seriatim reply will be dispensed with for the sake of clarity.

### I. Procedural & Factual History

2. On October 31, 1980, a criminal information was filed charging Dale Richard Arnold (hereinafter "Arnold") with Murder in the first degree, Murder in the second degree, Murder in the third degree, aggravated assault, terroristic threats, kidnapping, robbery, theft by unlawful taking or disposition, crimes committed with firearms and prohibited offensive weapons.

3. On December 5, 1980, Arnold, through his court-appointed counsel, Marsha V. Mills, Esquire and Lawrence J. Hracho, Esquire, filed an omnibus pre-trial motion, which included *inter alia*, a motion for change of venue; a motion to quash an information; a motion to compel an election; a motion for a dismissal of all charges; a motion for a view of the scene of alleged crime; a motion for suppression of evidence; a motion for a pretrial conference; a motion for extension of time in which to file alibi defense; a motion for suppression of possible identification testimony; a motion to compel disclosure of a confidential informant;

a motion to compel an amendment or redaction of the information; a motion to suppress additional evidence and testimony, and; a motion for suppression of evidence obtained per a search warrant. (*See Appendix 1*)

4. Following a pre-trial hearing, which was held on January 12, 1981, the trial court denied all of Arnold's relevant pre-trial motions.

5. Following a jury trial, Arnold was convicted of first degree murder, theft and kidnaping on March 19, 1981.

6. Trial counsel, Lawrence J. Hracho, Esquire, filed timely post-trial motions raising numerous issues claiming that the trial court erred: (1) in refusing to grant a change in venue; (2) in refusing to dismiss charges due to a violation of due process, and; (3) in refusing to suppress certain items of evidence, specifically: plastic tubing, a plastic wallet insert, a .22 caliber sawed off rifle, a cardboard box, hair samples, and a stereo with cassette player.  Arnold contended that the court erred during trial: (1) in refusing to grant a mistrial when a witness testified as to the existence of a ballistics expert; (2) in permitting witness testimony as to "state of mind" and Arnold's "consciousness of guilt"; (3) in permitting testimony as to a conversation in County Prison; (4) in allowing an individual to testify as an expert in firearms; (5) in refusing to grant a mistrial due to testimony concerning rape; (6) in refusing to grant a mistrial when the court allowed Lulu Felicita to testify over Arnold's objection; (7) in permitting Janet Parmenter's rebuttal testimony; (8) in

refusing to permit certain testimony of the witnesses, John Raab and Verne Hester, and; (9) in refusing to grant a mistrial based on the alleged impropriety in the District Attorney's closing. Arnold also asserted in his post trial motions that the verdict was against the law, evidence and the weight of the evidence and that the evidence was insufficient to sustain the jury's verdict. *Appendix 2.*

7. The trial court denied Arnold's post-trial motions.

8. On May 26, 1982, the trial court sentenced Arnold to a term of life imprisonment.

9. Arnold, through his trial counsel, filed an appeal to the Pennsylvania Superior Court raising the same issues he presented in post-trial motions with the addition of the following: (1) the lower court erred in failing to amend or redact the information or in the alternative in failing to suppress references to the rape of Jane Moran; (2) the lower court erred in failing to allow cross-examination of defense witnesses regarding the similarity of offenses committed by a William Payton with those for which Arnold was tried. (*See Appendix 3*)

10. On June 24, 1994, in a published opinion, the Pennsylvania Superior Court affirmed Arnold's judgment of sentence. *Commonwealth v. Arnold*, 331 Pa. Super. 345, 480 A.2d 1066 (1984). (*See Appendix 4*)

11. Arnold's subsequent appeal to the Pennsylvania Supreme Court was denied. 480 E.D. Allocatur Docket 1984, January 7, 1985.

12. In February 1990 Arnold initially filed a petition pursuant to the Pennsylvania Post Conviction Hearing Act. On December 10, 1990, Arnold filed a *pro se* petition under the Post Conviction Relief Act (PCRA) with the Bradford County Court. The same was returned to Arnold and the Court appointed Stuart Golant, Esquire to represent Arnold in further proceedings and directed counsel to file an amended petition. An amended PCRA was filed on April 10, 1991 which failed to conform to the court's Order. The original petition was denied and dismissed by Order of Court on May 20, 1991. Thereafter, Helen A. Haglich, Esquire was appointed to represent Arnold and to file an amendment to the original petition of December 10, 1990. Arnold subsequently filed an Amended PRCA Petition on March 26, 1993 and the matter came before the trial court for hearing on May 16, 1994. Several subsequent requests by Arnold to amend the petition were granted by the trial court in an effort to permit all possible issues to be raised at one time.

Arnold, through court appointed counsel, Helen A. Haglich, Esquire, filed an Amended Petition for Post Conviction Collateral Relief on March 23, 1994. In his Petition, Arnold asserts two grounds for relief: (1) that all prior counsel were ineffective; trial counsel for failure to pursue a Diminished Capacity Defense (i.e. voluntary intoxication) and PRCA counsel was ineffective for failure to properly pursue his appeal, and; (2) that trial counsel was ineffective in failing to object to

the testimony of Louise Marley, a clinical psychologist who testified that Jane Moran, a key eyewitness to many of the events surrounding the crimes, suffered from a traumatic stress syndrome or a traumatic neurosis and that Moran's fear that she or her family would be killed if she identified the assailant caused her to selectively repress the identity of the assailant while simultaneously allowing her to recall other details of the crimes. (*See Appendix 5*)

13. On June 26, 1998, after having taken evidence at the May 16, 1994 hearing and considering Arnold's numerous amendments, the trial court dismissed Arnold's PCRA Petition on its merits. (*See Appendix 6*).

14. On July 27, 1998, Arnold, through PCRA counsel, Helen H. Haglich, Esquire, appealed the dismissal of his PCRA Petition to the Superior Court of Pennsylvania.

15. On April 14, 1999 the Superior Court of Pennsylvania affirmed the dismissal of Arnold's PCRA petition by the trial court by memorandum opinion. (*See Appendix 7*)

16. On April 20, 2000, Arnold filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, Arnold claims that he is entitled to relief based on thirteen grounds.

17. On June 2, 2000, the Respondents filed a motion for enlargement of time in which to file an answer ot the petition.

18. Pursuant to Rule 5, a separately bound Appendix is filed herewith consisting of the following documents:

| | |
|---|---|
| Appendix 1 | Omni Pre-trial Motion for Relief |
| Appendix 2 | Post-trial Motions |
| Appendix 3 | Brief of Appellant on direct appeal to the Pennsylvania Superior Court |
| Appendix 4 | *Commonwealth v. Arnold*, 480 A.2d 1066 (Pa. Super 1986) |
| Appendix 5 | Amended Petition for Post Conviction Collateral Relief |
| Appendix 6 | Trial Court Order dismissing PCRA Petition |
| Appendix 7 | Superior Court of Pennsylvania memorandum opinion affirming trial court dismissal of PCRA Petition |

19. Arnold's petition for writ of habeas corpus was filed after April 24, 1996. Therefore, it is governed by 28 U.S.C. § 2254. As amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *Lindh v. Murphy*, 117 S.Ct. 2059 (1997).

Before a state prisoner may obtain federal habeas review of his conviction, he must exhaust the remedies available in the state courts. 28 U.S.C. § 2254(b); *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982); *Burkett v. Cunningham*, 826 F.2d 1208, 1213 (3d Cir. 1987). Section 2254(b) provides, in pertinent part, as follows:

> (B)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgement of the State court shall not be granted unless it appears that ---
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(I) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the application to exhaust the remedies available in the courts of the State.

28 U.S.C. § 2254 (b). As the United States Court of Appeals for the Third Circuit has recognized "[t]his exhaustion requirement is primarily grounded in the 'respect which federal courts have for the state judicial processes and upon the administrative necessities of the federal judiciary.'" *Christy v. Horn*, 115 F.3d 201, 206 (3d Cir. 1997)(quoting *Wade v. Mayo*, 334 U.S. 672, 679, 68 S.Ct. 1270, 1274, 92 L.Ed. 1647 (1948)). This exhaustion principle has been found to apply to mixed petitions as well. *Rose v. Lundy*, 455 U.S. 509, 510, 102 S.Ct. 1198, 1199, 71 L.Ed.2d 379 (1982). The United States Supreme Court stated that "because the rule requiring exhaustion of all claims furthers the purposes underlying the habeas statute . . . a district court must dismiss such 'mixed petitions.'" *Id.*

To demonstrate compliance with the exhaustion requirements, a habeas

applicant must show that the federal claim asserted in the federal court has been fairly presented -- both facts and legal theory -- at all levels of the state judicial system, including the state's highest court. *O'Sullivan v. Boerckel*, 1999 WL 358962 (U.S. 6/7/99); *Doctor v. Walters,* 96 F.3d 675 (3d Cir. 1996); *Ross v. Petsock*, 868 F.2d 639, 641 (3d Cir. 1989)(citing *Santana v. Fenton*, 685 F.2d 71, 73 (3d Cir. 1982, *cert. denied* 459 U.S. 1115, 103 S.Ct. 750, 74 L.Ed. 968 (1983)). The argument presented in federal court must be the substantial equivalent of the presented to the state courts. *Duncan v. Henry*, 513 U.S. 364, 115 S.Ct. 887, 130 L.3d. 865 (1995); *Ross v. Petsock, supra.*

Arnold has failed to demonstrate that the claims he is raising have been exhausted in the state courts. He has not shown that the federal claims asserted have been fairly presented at all levels of the state judicial system. From the face of Arnold's petition, the respondents are able to determine that some of the issues Arnold is raising have not been presented to the state courts. The following grounds raised by Arnold were not presented at any state proceedings: (1) Ground Five, *Conviction obtained by the knowing use of False Testimony and The False Identification of the Killers. The Killers Identification. False Statements.*; (2) Ground Six, *Conviction was obtained by the District Attorneys Office by making <u>Deals and Immunity Deals</u>* (emphasis in original) *with Criminals for No Charges.*; (3) Ground Twelve, *Conviction obtained by the Jury Seeing the Petitioner in Hand*

*Cuffs.*; (4) Ground Thirteen, *The Petitioners Attorney failed and the Courts failed to Protect the Petitioners Constitutional Rights, because none asked for, or gave Cautionary Instructions to the Jury. Petition for Writ of Habeas Corpus ¶ 13.*

The respondents have attached as Appendices the various post-trial motions, appeals and Post Conviction Collateral Petitions filed by Arnold to demonstrate that the above grounds asserted instantly were not previously raised in state court.

On the above-stated issues, Arnold has failed to exhaust his claims in state court and this exhaustion principle has been found to apply to mixed petitions as well. *Rose v. Lundy*, 455 U.S. 509, 510, 102 S.Ct. 1198, 1199, 71 L.Ed.2d 379 (1982). The United States Supreme Court stated that "because the rule requiring exhaustion of all claims furthers the purposes underlying the habeas statute . . . a district court must dismiss such 'mixed petitions.'" *Id.*

20. It is clear that the instant Petition contains unexhausted claims. It must therefore be dismissed under the "mixed petition" doctrine of *Rose v. Lundy*, 455 U.S. 509 (1982).

21. Respondents, believing that the exhaustion issues are dispositive, will not respond generally at this time on the merits of the Petition but will do so upon direction of this Honorable Court.[1]

---

[1] Pursuant to habeas Corpus Rule 9, Respondents believe that all transcripts in this matter are available and may be provided to this Honorable Court, if necessary. Respondents do not believe that there are any untranscribed proceedings.

WHEREFORE, Respondents respectfully request that the Petition for Writ of Habeas Corpus be denied without a hearing.

> Respectfully submitted,
>
> *Stephen G. Downs*
> Stephen G. Downs, Esq.
> Bradford County District Attorney

DATE: June 27, 2000