

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DALE ARNOLD,                                  :      CIVIL NO. **1:00-CV-0775**

                                   Petitioner :      (Judge Kane)

           v.                                 :      (Magistrate Judge Smyser)

FREDERICK FRANK,                              :
BRADFORD COUNTY DISTRICT                      :
ATTORNEY and ATTORNEY GENERAL :              **FILED**
OF THE COMMONWEALTH OF                        :       **HARRISBURG, PA**
PENNSYLVANIA,                                 :
                                              :       JUL 2 0 2000
                                   Respondents :

                                                     MARY E. D'ANDREA, CLERK
                                                     Per _____
                                                             Deputy Clerk

### ORDER

On April 20, 2000, the petitioner, a state prisoner

proceeding *pro se*, filed a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254.  Along with his petition, the

petitioner filed a motion for the appointment of counsel.


By an Order dated May 9, 2000, we gave the petitioner the

notice required by *Mason v. Meyers*, 208 F.3d 414 (3d Cir.

2000), and ordered the petitioner to inform the court on or

before May 29, 2000, whether he wants to have his petition

ruled upon as filed or he wants to withdraw his petition and

file one all-inclusive petition within the one-year statutory

AO 72A

period prescribed by AEDPA in 28 U.S.C. § 2244(d).   By a
letter dated May 15, 2000, the petitioner informed the court
that he wishes to have his petition ruled upon as filed.

By an Order dated May 18, 2000, the respondents were
ordered to respond to the petition on or before June 7, 2000.
The Order of May 18, 2000, also provided that the petitioner
may file a reply to the response within ten days of its filing.

The respondents requested and received an extension of
time until June 28, 2000, to file an answer to the petition. On
June 29, 2000, the respondents filed an answer to the petition.
No reply has been filed.

The petitioner presents thirteen claims in his petition.
The respondent argues that at least four of the claims
presented have not be presented to the state courts, and, that
therefore the petition should be dismissed.

A state prisoner must exhaust available state remedies
before filing a petition for habeas corpus in federal court. 28
U.S.C. §2254(b) and (c).  This requirement serves the interests

2

of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights. *O'Sullivan v. Boerckel*, 119 S.Ct. 1728, 1732 (1999)( "Comity . . . dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief.").

A habeas corpus petitioner bears the burden of demonstrating that he has exhausted state remedies. *O'Halloran v Ryan*, 835 F.2d 506, 508 (3d Cir. 1987). In order to exhaust state remedies for federal habeas corpus purposes, a petitioner must show that he has fairly presented his claim to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971). To be fairly presented to the state courts both the legal theory and the facts supporting the claim must have been presented to the state courts. *O'Halloran*, *supra,* 835 F.2d at 508. Further, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review

3

process." *O'Sullivan, supra,* 119 S.Ct. at 1732.  This means that "a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement." *Id.* at 1728.

The habeas petitioner must exhaust his state remedies as to each of his federal claims.  If a habeas corpus petition contains both exhausted and non-exhausted claims the petition should normally be dismissed. *See Rose v. Lundy*, 455 U.S. 509, 515-20 (1982).  However, an application for a writ of habeas corpus may be denied on the merits notwithstanding the failure of the petitioner to exhaust state remedies. 28 U.S.C. §2254(b)(2).

The respondents argue that at least four of the claims have not been exhausted.  However, because it appears that any second Post Conviction Relief Act petition filed by the petitioner would be untimely, *see 42 Pa.C.S.A.§9545(b)(petition must be filed within one year of the date judgement becomes final)*, it is not clear that there are any state remedies left

4

for the petitioner to exhaust.  It appears that the petitioner
has procedurally defaulted those claims.

        "When a claim is not exhausted because it has not been
'fairly presented' to the state courts, but state procedural
rules bar the applicant from seeking further relief in state
courts, the exhaustion requirement is satisfied because there
is 'an absence of available State corrective process.'"
*McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999) (quoting
28 U.S.C. §2254(b)).  Federal courts may not consider the
merits of the claims that have been procedurally defaulted
unless the petitioner establishes "cause and prejudice" or a
"fundamental miscarriage of justice" to excuse the default. *Id.*

        We will appoint counsel to represent the petitioner.
Within thirty days, counsel for the petitioner shall file a
brief addressing, at a minimum, the following: whether and how
each claim has been exhausted in the state courts; whether any
claims are procedurally defaulted; if any claims are
procedurally defaulted, whether the petitioner can establishes
"cause and prejudice" or a "fundamental miscarriage of justice"

                                5

to excuse the default.  If the petitioner contends that the petition does not contain any unexhausted claims, the brief should also address: whether a hearing is requested in federal court to develop a factual basis to support the claims; if a hearing is requested, how the claim relies on a new rule of constitutional law, and how the claim relies on a factual predicate that could not have been previously discovered with due diligence (*see 28 U.S.C. § 2254(e)(2)*); and whether and how the state court decision of each claim was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings (*see 28 U.S.C. § 2254(d)*). The respondent shall file a brief in opposition to the petitioner's brief within fifteen days after the petitioner's brief is filed.  The petitioner may file a reply brief within ten days of the filing of the respondent's brief in opposition.

6

AND NOW, this 20th day of July, 2000, **IT IS HEREBY ORDERED**
that the petitioner's motion (doc. 3) for the appointment of
counsel is **GRANTED** and the Federal Public Defender, 100
Chestnut Street, Suite 306, Harrisburg, Pennsylvania, 17101,
telephone (717)782-2237, is appointed to represent the
petitioner.  **IT IS FURTHER ORDERED** that within thirty days of
the date of this order counsel for the petitioner shall file a
brief in support of the petition.  The respondents shall file a
brief in opposition to the petitioner's brief within fifteen
days after the petitioner's brief is filed.  The petitioner may
file a reply brief within ten days of the filing of the
respondents' brief in opposition.

J. Andrew Smyser
Magistrate Judge

Dated: July 20, 2000.

7

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

July 20, 2000

Re:  1:00-cv-00775    Arnold v. Frank


True and correct copies of the attached were mailed by the clerk
to the following:


    Dale Arnold
    SCI-H
    SCI at Huntingdon
    AK-5044
    1100 Pike Street
    Huntingdon, PA  16654-1112

    Francis R. Filipi, Esq.
    Attorney General's Office
    Strawberry Square
    15th Floor
    Harrisburg, PA  17120


cc:
Judge                        (  )
Magistrate Judge             (  )
U.S. Marshal                 (  )
Probation                    (  )
U.S. Attorney                (  )
Atty. for Deft.              (  )
Defendant                    (  )
Warden                       (  )
Bureau of Prisons            (  )
Ct Reporter                  (  )
Ctroom Deputy                (  )
Orig-Security                (  )
Federal Public Defender      (  )
Summons Issued               (  ) with N/C attached to complt. and served by:
                                 U.S. Marshal (  )     Pltf's Attorney (  )

Standard Order 93-5          (  )
Order to Show Cause          (  ) with Petition attached & mailed certified mail
                                 to:  US Atty Gen   (  )  PA Atty Gen (  )
                                      DA of County  (  )  Respondents (  )

Bankruptcy Court             (  )
Other_____       (  )

                                      MARY E. D'ANDREA, Clerk

DATE: _____7/20/00_____     BY: _/s/_____
                                   Deputy Clerk