ORIGINAL

United States District Court
for the Middle District of Pennsylvania

Civil No. 1:00-CV-0775
(Judge Kane)
(Magistrate Judge Smyser)

Dale Arnold, Petitioner

v

Frederick Frank
Bradford County District
Attorney General of the
Commonwealth of Pennsylvania.
　　　　　　　　　　　Respondents

FILED
HARRISBURG, PA

JUL 25 2000

MARY E. D'ANDREA, CLERK
Per _____

Petitioner's Traverse in Answer to the Commonwealth's
Response to Petition for Writ of Habeas Corpus

Petitioner's Traverse in Answer to the Commonwealth's
Response to Petition for Writ of Habeas Corpus

Now comes Petitioner answers to Respones's replys.
Petitioner feels that he did raise all claims, and that the Petitioner
does not understand the Commonwealth reasoning in such an argument.
Petitioner asked of his Counsel on Direct Appeals and at Post
Conviction Hearing, that all Issues were fully presented to state cou[rt]
Now if the Commonwealth is claiming in its response that Petitioner's
Counsel on his Direct Appeal and Post-Conviction Procceding Ineffecti[ve]
Petitioner would concur.

Now on grounds 1 and 2. -5 and 6.
Conviction abtained by the knowing use of False Testimony and
the False Idenitification of the Killers.
The Killers Idenification. False Statements.
And 2 Ground Six, Conviction was obtained by the District Attotneys
Office by making Deals and Immunity Deals with Criminals for
No Charges.

The law is firmly established that the Fourteenth Amendment to
the Constition of the United States cannot tolerate a State Criminal
Conviction obtained by knowing use of False Evidence or improper
manipulation of material evidence.
Troedel v Wainwright, 667 F.Supp.1456,1458 (S.D.Fla.1996).
Which is exactly what was done here.

This issuses is briefly touched upon in Ground one, page 6, where the victim recanted her Idenitification, she changed her story, which is thinly touched upon in this issuses. This victim lied, she changed her story, thats False Testimony, lies, fabrications, inconsistencys, perjjry, unreliable witness, and a fraud. Petitioner took this statement and made an issue out of it. Just reworded it.

This issues is also touched upon in Ground 3 page 13 on Hypnosis, in the 3rd. paragraph, where State Police threatened the main witness, to arrest her if she didnt cooperate & testify, although she had perjured herself many times. Then Moran was hypnotized many times, got and attorney to protect her rights, and get an Immunity Deal from the D.A.

This issue is also touched upon in Ground 4, page 16, where the Main Victim was not able to identify the assadent on this case, as who the killer was.

This issue is also touched upon, on Infromants, Ground 7, page 32, On Shamoun-a prison guard, can be termed as an agent of the police. Where he went to the Jail on his day off, to gain information on the Petitioner by listening in on his jail visits, and turning over this information to the State Police. Then Shamoun was caught in his lies, and recants part of his Testimony.

This issue is also touched upon on Ground 10 page 43, where Coyne- a Commonwealth witness states, Hush-up, which is an attempt to fabricat a false statement threw lises, and false hoods.

This issue is briefly touched upon in Ground One of Witt of Habass Corpus on page four (or-37), 2nd. paragraph on protecting under cover agents and Informants, and page 5 on witness. The issues are there, Petitioner just worded it differently.

This issue is also touched upon in Ground 3 page 47 in Superior Court Appeal Brief, Informantents-this issue is touched upon Petitioner Father, cooperative in the past- which means Informent.

Now 3, Ground 12, Conviction obtained by the Jury seeing the Petitioner in Hand Cuffs.
Petitioner told his past Attorneys to raise this issue in the lower courts. I thought they did. But do to the many shake-downs here, Petitioner cannot find it. Legal matterials and property get thrown out without Petitioner knownledge.


Now 4, Ground 13. The Petitioner Attotney failed and the courts failed to Protect Petitioners Constitutional Rights, because none asked for, or gave Cautionary Instructions to the Jury.
This issue id touched upon in Ground 8 page 85, where the court did issue Cautionary Instructions on this issue, but none other, on Prejudical Testimony, where other testimony, the Judge did not give Cautionary Instructions.

Just becauses no Cautionary Instructions were given in Petitioners Trial, but this issue was brought up in a Post Conviction hearing on May of 1994, and just because the courts did not address it does not mean that it was not fairly presented im a Post conviction hearing incorparated by counsel. This issue was heard by the court.

CONCLUSION,

With this Writ of Habeas Corpus, the Commonwealth has made no valid objections to it.

Wherefore, based upon the Foregoing, Petition, Arnold acting Pro-se Respectfully request that this Honorable Court grant this Petition of Writ of Habeas Corpus.

Respectfully Submitted,

Date July 18, 2000

P. R. Arnold

Dale Arnold

## CERTIFICATE OF SERVICE

I, Dale Arnold, Hereby certify that I served a true and correct cop[y]
in the U.S. Mail system, to,

Stephen Downs, Esq.
District Attorneys Office
Bradford County Courthouse
301 Main St.
Towanda, Pa.
18848


U S District Court
Magistrate Judge Smyser
Judge Kane
228 Walnut St.
P.O. Box 983
Harrisburg, Pa.
17108

Respectfully Submitted,

*D. R. Arnold* (signature)

Dale R. Arnold, Pro-se

July 18, 2000