See Attachment

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DALE ARNOLD,                      :    CIVIL NO. 1:00-CV-0775
                                  :
            Petitioner            :    (Judge Kane)
                                  :
     v.                           :    (Magistrate Judge Smyser)
                                  :
KENNETH KYLER,                    :    FILED
                                  :    HARRISBURG, PA
            Respondent            :
                                       NOV 29 2000

                           ORDER             MARY E. D'ANDREA, CLERK
                                             Per _____
                                                     Deputy Clerk

     On April 20, 2000, the petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Along with his petition, the petitioner filed a motion for the appointment of counsel.

     By an Order dated May 9, 2000, we gave the petitioner the notice required by *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), and ordered the petitioner to inform the court on or before May 29, 2000, whether he wants to have his petition ruled upon as filed or he wants to withdraw his petition and file one all-inclusive petition within the one-year statutory period prescribed by AEDPA in 28 U.S.C. § 2244(d). By a

letter dated May 15, 2000, the petitioner informed the court that he wishes to have his petition ruled upon as filed.

By an Order dated May 18, 2000, the respondents were ordered to respond to the petition on or before June 7, 2000. The Order of May 18, 2000, also provided that the petitioner may file a reply to the response within ten days of its filing.

The respondents requested and received an extension of time until June 28, 2000, to file an answer to the petition. On June 29, 2000, the respondents filed an answer to the petition.

The petitioner presents thirteen claims in his petition. The respondent argues that at least four of the claims presented have not be presented to the state courts, and, that therefore the petition should be dismissed.

By an Order filed on July 20, 2000, we noted that because it appears that any second Post Conviction Relief Act petition filed by the petitioner would be untimely, *see 42 Pa.C.S.A. §9545(b)(petition must be filed within one year of the date judgement becomes final)*, it is not clear that there are any

2

state remedies left for the petitioner to exhaust, and it appears that the petitioner has procedurally defaulted those claims. We appointed counsel to represent the petitioner. Counsel for the petitioner was ordered to file, within thirty days, a brief addressing, at a minimum, the following: whether and how each claim has been exhausted in the state courts; whether any claims are procedurally defaulted; if any claims are procedurally defaulted, whether the petitioner can establishes "cause and prejudice" or a "fundamental miscarriage of justice" to excuse the default. It was further ordered that if the petitioner contends that the petition does not contain any unexhausted claims, the brief should also address: whether a hearing is requested in federal court to develop a factual basis to support the claims; if a hearing is requested, how the claim relies on a new rule of constitutional law, and how the claim relies on a factual predicate that could not have been previously discovered with due diligence (see 28 U.S.C. § 2254(e)(2)); and whether and how the state court decision of each claim was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States or resulted in a decision that was based on an unreasonable determination of the

3

facts in light of the evidence presented in the state court proceedings (see 28 U.S.C. § 2254(d)). The respondent was ordered to file a brief in opposition to the petitioner's brief within fifteen days after the petitioner's brief is filed, and the petitioner was permitted to file a reply brief within ten days of the filing of the respondent's brief in opposition.

On September 22, 2000, the petitioner filed a motion for *inter alia* an order directing the filing of transcripts containing *inter alia* these averments:

> 3. In addition to the documents in the federal court file, counsel needs to review the trial transcript of the state court post-conviction hearing.
>
> 4. Helen Stolinas, a Bradford County Assistant Public Defender, has agreed to provide counsel with a copy of the post-conviction hearing transcript.
>
> 5. Todd Hinkley, Esquire, a Bradford County Assistant District Attorney, has informed counsel that the trial transcript is voluminous.
>
> 6. Assistant District Attorney Hinkley indicated that he would concur in the issuance of an order directing the Bradford County Clerk of Court to temporarily transfer custody of the trial transcripts to the Federal Clerk's Office in Harrisburg.

4

By an Order dated September 27, 2000, the Clerk of Court of Bradford County, Pennsylvania was ordered to file a copy of the trial transcript in *Commonwealth v. Arnold*, Bradford County Criminal Case No. 1026 of 1980. The Clerk of Court of Bradford County has not yet filed the transcript. The Order of September 27, 2000 contained no time period for the Bradford County Clerk of Court to provide a copy of the trial transcript. We will again order the Clerk of Bradford County to file the transcript or a copy of the transcript, and will include a time period in the order.[1]

The petitioner has requested and received three extensions of time to file his brief. On November 22, 2000, the petitioner filed his fourth motion for an extension of time to file his brief. The petitioner is requesting that he not be required to file his brief until two months after the state court transcript is filed. Although some extension of time after the transcript is filed is warranted, two months seems excessive. We will grant the petitioner an extension of time of

---

[1] *See* Rules 5, 7, Rules Governing Section 2254 Cases in the United States District Courts.

5

twenty-eight days after the state court transcript is filed to file his brief.

The petitioner named as respondents in this case Frederick Frank, the Bradford County District Attorney and the Attorney General of Pennsylvania.

Pursuant to 28 U.S.C. §2243 the writ of habeas corpus, or order to show cause, shall be directed to the petitioner's custodian. It is the warden of the prison where the petitioner is held who is considered the custodian for purposes of a habeas action. *Yi v. Maugans*, 24 F.3d 500, 507 (3d Cir. 1994). The proper respondent in this case is the Superintendent at the State Correctional Institution at Huntingdon. Kenneth D. Kyler is the Superintendent at the State Correctional Institution at Huntingdon. The Clerk of Court will be directed to remove Frederick Frank, the Bradford County District Attorney and the Attorney General of Pennsylvania as respondents in this case and to substitute Kenneth D. Kyler as the respondent in this case.

6

AND NOW, this 28th day of November, 2000, **IT IS HEREBY ORDERED** that the Clerk of Court of Bradford County, Pennsylvania, shall file a copy of the trial transcript in *Commonwealth v. Arnold*, Bradford County Criminal Case No. 1026 of 1980 on or before **December 18, 2000**. The Clerk of Court of this court is directed to send a copy of this Order to the Clerk of Court of Bradford County by registered mail. **IT IS FURTHER ORDERED** that the petitioner's fourth motion (doc. 23) for an extension of time is **GRANTED IN PART**. The petitioner shall file his brief within twenty-eight days after the state court transcript is filed. The Clerk of Court shall notify petitioner's counsel when the state court transcript is filed. The Clerk of Court is directed to remove Frederick Frank, the Bradford County District Attorney and the Attorney General of Pennsylvania as respondents in this case and to substitute Kenneth D. Kyler as the respondent in this case.

                                                                        /s/ J. Andrew Smyser
                                                                        J. Andrew Smyser
                                                                        Magistrate Judge

Dated:   November 28, 2000.

AO 72A

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

November 29, 2000

Re: 1:00-cv-00775   Arnold v. Frank

True and correct copies of the attached were mailed by the clerk to the following:

Dale Arnold
SCI-H
SCI at Huntingdon
AK-5044
1100 Pike Street
Huntingdon, PA   16654-1112

Daniel Isaiah Siegel, Esq.
100 Chestnut St.
Suite 306
Harrisburg, PA   17101

Francis R. Filipi, Esq.
Attorney General's Office
Strawberry Square
15th Floor
Harrisburg, PA   17120

*Handwritten note: Order sent to Steven Downs*

**Receipt for Certified Mail** (Z 355 013 455)
Sent to: Steven Downs
Street & Number: 301 Main Street
Post Office, State, & ZIP Code: Towanda, PA 18848
Postmark or Date: 11-29-00

cc:
Judge                              ( )
Magistrate Judge                   ( )
U.S. Marshal                       ( )
Probation                          ( )
U.S. Attorney                      ( )
Atty. for Deft.                    ( )
Defendant                          ( )
Warden                             ( )
Bureau of Prisons                  ( )
Ct Reporter                        ( )
Ctroom Deputy                      ( )
Orig-Security                      ( )
Federal Public Defender            ( )
Summons Issued                     ( ) with N/C attached to complt. and served by:
                                       U.S. Marshal ( )   Pltf's Attorney ( )
Standard Order 93-5                ( )
Order to Show Cause                ( ) with Petition attached & mailed certified mail
                                       to: US Atty Gen ( )   PA Atty Gen ( )

|  |  |  | DA of County ( ) | Respondents ( ) |
|---|---|---|---|---|

Bankruptcy Court            ( )
Other_____ ( )

MARY E. D'ANDREA, Clerk

DATE: _____11/29/00_____                    BY: _____
                                                Deputy Clerk