

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DALE ARNOLD, :
:
    Petitioner : CIVIL ACTION NO. 1:00-CV-0775
v. : (Judge Kane)
:
FREDERICK FRANK et al., :
:
    Respondents :

FILED
HARRISBURG
OCT 11 2002
MARY E. D'ANDREA, CLERK
Per_____RB_____
DEPUTY CLERK

### ORDER

Before the Court are Petitioner's Petition for Writ of Habeas Corpus, the Magistrate Judge's Report and Recommendations, Petitioner's Objections to the Report and Recommendations, and all responses and replies thereto.

The issues before the Magistrate Judge arose out of Petitioner's arrest, trial, and conviction for murder, theft, and kidnapping. Petitioner argued constitutional violations due to pre-arrest delay, eavesdropping, and ineffective assistance of counsel. Pursuant to 28 U.S.C. § 2254(d), Magistrate Judge Smyser found that the Pennsylvania Superior Court's adjudication of these claims in connection with Petitioner's trial did not result in any decision that was contrary to or an unreasonable application of established federal law and, accordingly, recommended that the Petition be denied. Petitioner's objections are simply restatements of the claims fully considered by the Magistrate Judge. Moreover, Petitioner's Brief in support of his Objections outlines verbatim the same legal arguments and case law presented to Magistrate Judge Smyser in Petitioner's Brief in support of his Petition.

Upon independent <u>de novo</u> review of the entire record and the applicable law, this Court agrees with the Magistrate Judge that: (1) the Superior Court applied the correct law and reasonably held that the pre-arrest delay was the result of legitimate investigative reasons related

to the victim's condition and, this legitimate reason justified any minimal prejudice to the defendant. See United States v. Lovasco, 431 U.S. 783 (1977); (2) the Superior Court fully addressed Petitioner's Fourth Amendment issue dealing with the non-suppression of statements overheard in the prison visiting area and, therefore, habeas review is barred by Stone v. Powell, 428 U.S. 465 (1976); (3) the Superior Court applied the correct legal standard and reasonably held that Petitioner's counsel was not ineffective for failing to pursue a diminished capacity defense. Counsel had a legitimate tactical reason for foregoing the defense given that Petitioner testified under oath that he was not guilty; and (4) the Superior Court applied the correct legal standard and reasonably held that Petitioner's counsel was not ineffective for failing to object to the psychologist's testimony on the credibility of the victim. It is not reasonably probable that the outcome of the case would have been different but for this testimony, Strickland v. Washington, 466 U.S. 668, 694 (1984), as Petitioner admits there was strong physical evidence against him. See Pet'r Br. Supp. Obj. at 15. Therefore, the Court hereby fully adopts the findings and recommendations of the Magistrate Judge and overrules Petitioner's objections thereto.

AND NOW, for the above reasons and all other reasons fully stated in Magistrate Judge Smyser's Report and Recommendation filed September 7, 2001, IT IS ORDERED THAT the Petition for Writ of Habeas Corpus is DISMISSED. The Clerk of Court shall close the file.

_____
Yvette Kane
United States District Judge

Dated: October 11, 2002

2