IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DALE ARNOLD, | : |
| Petitioner | : CIVIL ACTION NO. 1:00-CV-0775 |
| v. | : (Judge Kane) |
| FREDERICK FRANK et al., | : |
| Respondents | : |

**ORDER**

FILED
HARRISBURG, PA
NOV 6 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

On October 23, 2002, Petitioner filed an application for a certificate of appealability (Doc. No. 48). Petitioner asks this Court to issue a certificate on the limited issue of whether his trial counsel was ineffective in failing to object to expert testimony given by psychologist Mary Louise Marley. The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, Petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

For the reasons contained in the October 11, 2002, Memorandum and Order (Doc. No. 47), this Court adopted Magistrate Judge Symser's Report and Recommendation and dismissed all four claims in Petitioner's Writ of Habeas Corpus petition. Petitioner contended in claim three that Ms. Marley's testimony regarding the credibility of the victim was inadmissible under the evidentiary principles in effect at the time of trial, and that Petitioner's trial counsel was constitutionally ineffective for failing to object to its admissibility. Petitioner now seeks a certificate of appealability on this claim only.

The Court dismissed the third claim of the habeas petition on the dual grounds of

procedural default and failure on the merits (See Report & Recommendation at 31-32; Court Order at 2). Petitioner has not challenged the finding that this claim was procedurally defaulted. Rather, Petitioner focuses his argument on whether the expert testimony was inadmissible at the time of trial. However, in doing so, Petitioner ignores the larger picture of whether its admission without objection is tantamount to a denial of a constitutional right, and whether Petitioner was actually prejudiced by his counsel's omission such that the outcome of the trial would likely have been different.

To succeed on a constitutional claim for ineffective assistance of counsel, Petitioner was required to demonstrate that his trial counsel's error undermined the reliability of the verdict such that absent the error, a reasonable probability existed that the outcome of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). "Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable judgment." Id. at 690. Judge Smyser reasoned that although Ms. Marley's testimony on the victim's credibility was objectionable, there was not a reasonable probability that the outcome of the trial would have been different without the admission of the testimony. Petitioner cannot establish prejudice from the admission of the testimony because of the strong physical evidence of his guilt, including Petitioner's link to the murder weapon and the discovery of the murder victim's driver's license in the Petitioner's home.

The Court is persuaded that reasonable jurists would not find the conclusions made in the October 11, 2002 Memorandum and Order debatable or wrong. Petitioner has, therefore, failed to make a substantial showing of the denial of a constitutional right as to ineffective assistance of counsel. Accordingly, a certificate of appealability shall not issue on this ground.

Therefore, IT IS ORDERED that Petitioner's request for a certificate of appealability (Doc. No. 48) is DENIED. The Clerk of Court shall close the file.

                                                                         _____
                                                                         Yvette Kane
                                                                         United States District Judge

Dated: __6 Nov__, 2002.